**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re the Guardianship and Conservatorship of: | No. CV 09-1964-PHX-JAT |
| | **ORDER** |
| Kermit J. Rust, | |

Mark Lewellyn Lindsey removed Probate case no. 2009-090167[1] and Civil case no. 2007-092342 from Maricopa County Superior Court to this Court. The Court Appointed Guardian Ad Litem for Mr. Rust and the Court Appointed Counsel for Mr. Rust have both moved to remand this case to Superior Court. Doc. #15 and Doc. #24. Court Appointed counsel has made this case more complex not actually moving to remand, but instead filing an "objection" to removal. The Court Appointed Guardian Ad Litem also did not move to remand, but instead moved to join Court Appointed Counsel's objection. The Court has nonetheless treated both of these filings as motions to remand.

Further complicating matters, Court Appointed counsel has filed three separate motions for sanctions. Doc. #13, Doc. #14, and part of Doc. #15. Mr. Lindsey then further complicated matters by moving to strike Court Appointed Counsel's Appearance in this case (Doc. #21), moving to consolidate this case with a case pending before another Judge (Doc. #10), and objecting to the Court Appointed Guardian Ad Litem's filing arguing she is not properly the Guardian Ad Litem (Doc. #25).

---

[1]    In Arizona, guardianships and conservatorship of incapacitated people are administered by the probate division of the superior court.

1    "Inquiring whether the court has jurisdiction is a federal judge's first duty in every

2    case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7ᵗʰ

3    Cir. 2003). Federal courts are courts of limited jurisdiction. As a result, they can hear only

4    those cases that the Constitution and Congress have authorized them to adjudicate: namely,

5    cases involving diversity of citizenship, a federal question, or cases to which the United

6    States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The

7    party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.*

8    Both motions to remand argue there is no basis for federal subject matter jurisdiction

9    over the probate matter. The Court has reviewed the notice of removal, and agrees that it

10   does not allege diversity jurisdiction. Doc. #1. Further, Court Appointed Counsel argues,

11   and Mr. Lindsey does not dispute, that all parties at the time of removal were Arizona

12   citizens. Doc. #15 at 6. Mr. Lindsey does however argue federal question jurisdiction based

13   on the Social Security Act. Doc. #1 at 6. As Court Appointed Counsel points out in his

14   "objection" to removal, a probate matter in state court does not affect a Representative Payee

15   for social security purposes. Doc. #15 at 7, citing 20 C.F.R. 404.2011, 20 C.F.R. 416.611,

16   20 C.F.R. 404.2020, and 20 C.F.R. 416.620. The Court agrees that the probate case does not

17   implicate any social security benefits to which Mr. Rust may be entitled, and as a result the

18   probate case does not involve a federal question. Mr. Lindsey has made no argument that

19   the "consolidated" civil case involves a federal question.

20   Based on the foregoing, this Court lacks jurisdiction over both cases, which were

21   removed to this Court as one case.[2] Accordingly, the motions to remand will be granted. In

22   an effort to expedite this case, the Court has not undertaken to wade through all of the

23   various sanction requests and accordingly, the motions for sanctions will all be denied.

24   However, under 28 U.S.C. § 1447(c), after remand, the Court retains jurisdiction to award

25   attorneys fees and costs incurred as a result of the removal. *Moore v. Permanente Medical*

26

27       [2] Because the Court has determined that it lacks jurisdiction over this case, the Court
has not considered Court Appointed Counsel's alternative argument that Mr. Lindsey lacked
28   standing to remove this case because he is not a defendant in either superior court action.

*Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995). Within ten days of the date of this Order, both Court Appointed Counsel and the Court Appointed Guardian Ad Litem may move for attorneys fees and costs in seeking remand of this case. *See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir. 2000) (district court retains jurisdiction to award costs and fees pursuant to 28 U.S.C. § 1447(c) after issuing remand order).

Accordingly,

**IT IS ORDERED** that the motion to consolidate (Doc. #10) should be removed from this Court's pending motion list because it was denied by Judge Campbell in CV 08-1869 in his oral ruling of November 13, 2009.

**IT IS FURTHER ORDERED** that the motions to remand (Doc. #15, Doc. #24) are granted; this case (which is the removal of Maricopa County Superior Court cases Probate case no. 2009-090167 and Civil case no. 2007-092342) is remanded to the Maricopa County Superior Court. All relief other than remand requested in these motions is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied: specifically, Motion for Bond (Doc. #13), Motion for Sanctions (Doc. #14) and Motion to Strike (Doc. #21).

**IT IS FINALLY ORDERED** that, as indicated above, consistent with 28 U.S.C. § 1447(c), the Court Appointed Counsel and the Court Appointed Guardian Ad Litem make move for their attorneys fees and costs in seeking remand within ten days of the date of this Order.

DATED this 6th day of May, 2010.

James A. Teilborg
United States District Judge